# UNITED STATES DISTRICT COURT
# FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS KIELBASINSKI, | ) |
| | ) |
| Plaintiff | ) |
| | ) **Case No.:** 3:14-cv-222 |
| v. | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| LEIGH & ASSOCIATES, LLC, | ) **JURY TRIAL** |
| | ) |
| Defendant | ) **(Unlawful Debt Collection Practices)** |

## COMPLAINT

THOMAS KIELBASINSKI ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against LEIGH & ASSOCIATES, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.  Defendant conducts business in the Commonwealth of Pennsylvania, and as such, personal jurisdiction is established.

4.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.  Plaintiff is a natural person residing in Somerset, Pennsylvania 15501.

6.  Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3).

7.  In the alternative, Plaintiff is a person granted a cause of action under the FDCPA.  See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8.  Defendant is a debt collection company with its principal office located at 12672 Limonite Avenue, Suite 3E-541, Eastvale, California 92880.

9.  Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and sought to collect a consumer debt from Plaintiff.

10.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all pertinent times hereto, Defendant was hired to collect a consumer debt and contacted Plaintiff in its attempts to collect that debt.

12. The alleged debt, a personal credit card account, arose out of transactions that were primarily for personal, family, or household purposes.

13. As Plaintiff does not owe any business debt, any debt that Defendant was attempting to collect could only be personal in nature.

14. Beginning in or around March 2014 and continuing through April 2014, Defendant repeatedly and continuously contacted Plaintiff on his home telephone in its attempt to collect the alleged debt.

15. Specifically, Defendant called Plaintiff between one (1) and three (3) times a day.

16. For example, Defendant called Plaintiff on: April 21, 2014, at 1:53 p.m., 3:47 p.m., and 5:15 p.m.; April 24, 2014, at 12:00 p.m.; April 25, 2014, at 11:23 a.m., 2:15 p.m., and 5:01 p.m.; April 26, 2014, at 8:55 a.m., 1:00 p.m., and 3:05 p.m.; April 27, 2014, at 9:15 a.m., 12:00 p.m., and 4:00 p.m.; and April 28, 2014, at 3:12 p.m.

17. Desiring to stop Defendant's repeated telephone calls, on at least one occasion, Plaintiff spoke with one of Defendant's collectors and stated that he refused to pay the alleged debt and to stop calling him.

18. Defendant, however, failed to update its records to restrict calls to Plaintiff's home telephone.

19. Rather, Defendant persisted in calling Plaintiff in its attempts to collect a debt, each time knowing that Plaintiff did not want to be contacted.

20. Once Defendant was told the calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

21. Finally, within five (5) days of its initial communication with Plaintiff, Defendant failed to send Plaintiff written notice setting forth his rights to dispute the debt and/or seek validation of the debt pursuant to the FDCPA.

22. Defendant's actions as described herein were made with the intent to harass, upset, deceive, and coerce payment from Plaintiff.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

23. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692d and 1692d(5).

   a. A debt collector violates § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

   b. A debt collector violates § 1692d(5) of the FDCPA by causing

       a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

    c. Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA by continuously and repeatedly calling Plaintiff on his home telephone, between one (1) and three (3) times a day and continuing to call Plaintiff on his home telephone after being told to stop and that he refused to pay the alleged debt.

## COUNT II

24. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692f.

    a. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

    b. Here, Defendant violated § 1692f of the FDCPA by failing to update its records to stop calling Plaintiff after being told that he refused to pay the debt and to stop calling him.

# COUNT III

25.   Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692g(a).

    a.   A debt collector violates § 1692g(a) of the FDCPA by failing to send to the consumer, within five days after its initial communication with a consumer in connection with the collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different

from the current creditor.

    b.    Here, Defendant violated § 1692g(a) of the FDCPA by failing to send Plaintiff written notification that effectively conveyed his rights to dispute the debt and/or request validation of the debt.

WHEREFORE, Plaintiff, THOMAS KIELBASINSKI, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, THOMAS KIELBASINSKI, demands a jury trial in this case.

                                    RESPECTFULLY SUBMITTED,

Date: October 17, 2014         By: __/s/ Craig Thor Kimmel__
                                            CRAIG THOR KIMMEL
                                            Attorney ID No. 57100
                                            Kimmel & Silverman, P.C.
                                            30 E. Butler Pike
                                            Ambler, PA 19002
                                            Phone: (215) 540-8888
                                            Fax: (877) 788-2864
                                            Email: kimmel@creditlaw.com